**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-22-0000370**
**24-MAY-2023**
**08:30 AM**
**Dkt. 43 OGMR**

NO. CAAP-22-0000370

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

MARISA MADISON, fka MARISA M. PROVOST, Plaintiff-Appellant, v. CHARLETON J. PROVOST, Defendant-Appellee.

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(CASE NO. 2DV181000378)

ORDER GRANTING MOTION FOR RECONSIDERATION
(By: Ginoza, Chief Judge, Wadsworth and Chan, JJ.)

Upon consideration of Plaintiff-Appellant Marisa Madison's (Madison) May 15, 2023 Motion for Reconsideration of May 10, 2023 Order Granting Motion to Dismiss Appeal (Motion for Reconsideration), the papers in support, and the record, it appears:

(1) Madison seeks reconsideration of the court's May 10, 2023 Order Granting Motion to Dismiss Appeal (Dismissal Order);

(2) Madison does not dispute that the court entered the Dismissal Order after (a) the court, on September 8, 2022, granted Madison relief from default of the statement of jurisdiction and opening brief and extended the deadline to file the same, (b) Madison thereafter failed to file the statement of jurisdiction and opening brief, and (c) Madison did not oppose Defendant-Appellee Charleton J. Provost's January 4, 2023 Motion to Dismiss Appeal;

(3) In support of the Motion for Reconsideration, Madison's counsel, Barry L. Sooalo (Sooalo), asserts he was temporarily incapacitated, due to circumstances beyond his

control, and he filed under seal his declaration, in which he sets forth the circumstances he was dealing with that caused him to not file the opening brief.  The declaration does not attach or include medical or health records, and it apparently does not contain other information which would be "personal information" as defined by Hawaiʻi Court Records Rules Rule 2.19;[1] and

(4) The court has previously cautioned and sanctioned Sooalo over his noncompliance with court rules, and his continued noncompliance burdens both the parties and the court.  Nonetheless, Hawaii's appellate courts have "consistently adhered to the policy of affording litigants the opportunity to have their cases heard on the merits, where possible," Schefke v. Reliable Collection Agency, Ltd., 96 Hawaiʻi 408, 420, 32 P.3d 52, 64 (2001) (citation and quotation marks omitted).

Therefore, IT IS HEREBY ORDERED that the Motion for Reconsideration is granted as follows:

1.  The Dismissal Order is vacated and the appeal is reinstated.

2.  The deadline to file the opening brief and a statement of jurisdiction is extended to June 23, 2023.  No further extensions of time will be granted absent extraordinary circumstances.

3.  Any further default of the opening brief or statement of jurisdiction may result in sanctions authorized by Hawaiʻi Rules of Appellate Procedure (HRAP) Rules 12.1(e) and 30, including, without limitation, monetary sanctions, dismissal of this appeal, or both.

4.  Additionally, Sooalo is strongly cautioned that he is responsible for complying with court rules and court ordered deadlines and that further noncompliance may result in referral to the Office of Disciplinary Counsel.

IT IS FURTHER ORDERED that, within ten (10) days of this order, Sooalo may file a motion to keep his Declaration (docket 41) sealed (**Motion to Seal**), setting forth the basis and

---

[1] In filing the declaration, Sooalo also failed to include a three-inch top margin, or a three-inch-by-three inch space in the top right corner of the flyleaf, which is required by Hawaiʻi Rules of Appellate Procedure Rule 32(a).

authority for sealing the document.  If Sooalo files a Motion to Seal, Defendant-Appellee Charleton J. Provost may file an opposition thereto within five (5) days of the motion being filed.

IT IS FURTHER ORDERED that, in the event Sooalo does not file a Motion to Seal, the appellate clerk shall unseal the Declaration at docket 41.

DATED:  Honolulu, Hawaiʻi, May 24, 2023.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Derrick H.M. Chan
Associate Judge